Catherine R. ANDERS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–569.

United States Court of Veterans Appeals.

March 3, 1992.

Before FARLEY, Associate Judge.

ORDER

On February 20, 1992, the Clerk of the Court issued a stay of proceedings pending

further order by the Court concerning the adequacy of the informal brief prepared and submitted for filing on behalf of appellant by an attorney who is a member of the bar of this Court.

The item submitted for filing as appellant's brief is the form developed by the Court for use by pro se litigants: "Informal Brief of pro se Appellant". Only an unrepresented appellant may file an informal brief on the form prescribed by our Rules. *See* U.S. Vet.App.R. 28 and 32. More importantly, a name other than that of appellant was hand-written into the caption and the substance of the "brief" consists of little more than the signature of the attorney. No positions are advanced. No legal arguments are presented. This "brief" submitted by counsel, by any measure, falls well below what this Court requires from an attorney arguing the merits of a case on behalf of his client.

In addition, counsel has taken further liberty with the Rules of this Court by merely duplicating and then attempting to file, under his own "Transmission" and "Certification", a copy of the record on appeal previously filed with the Court by the Secretary of Veterans Affairs (Secretary). This unnecessary burdening of the record serves absolutely no purpose, except, perhaps, to comfort a client by increasing the literal, as distinguished from the legal, weight of counsel's work product.

The file also contains a copy of a fee agreement under which appellant agreed to pay one thousand dollars to counsel for representation before this Court. Under 38 U.S.C. § 7263(c) and (d), this Court has the authority and the responsibility to review fee agreements and to reduce the amount of the fee if the Court finds "the fee is excessive and unreasonable". If the Court were to undertake that task at this time, the Court would be compelled to conclude that a fee of one thousand dollars would be excessive and unreasonable in view of the quality and the quantity of the representation provided to date.

Upon consideration of the foregoing, it is

ORDERED that the pleading received on October 21, 1991, and styled as "Informal Brief of pro se Appellant" is received but not filed as appellant's brief. It is further

ORDERED that counsel, within 30 days after the date of this order, file a brief in compliance with this Court's Rules of Practice and Procedure, providing the Court with appellant's position on the facts and law pertinent to her appeal. Failure to comply with this order may result in the imposition of sanctions or other action by the Court.